SLD:MKB

**M06-0622**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

JOHN FLOYD,
    also known as "Uni" and
    "Michael Baker,"

        Defendant.

- - - - - - - - - - - - - - - - -X

C O M P L A I N T

(T. 21, U.S.C., § 841(a)(1))

EASTERN DISTRICT OF NEW YORK, SS:

    KEVIN MCGEE, being duly sworn, deposes and states that he is a Special Agent of the Drug Enforcement Administration, duly appointed according to law and acting as such.

    Upon information and belief, on or about and between May 10, 2006 and June 12, 2006, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant JOHN FLOYD, also known as "Uni" and "Michael Baker," did knowingly and intentionally distribute and possess with intent to distribute a controlled substance, which offense involved a substance containing cocaine base, a Schedule II controlled substance, in the amount of 50 grams or more.

    (Title 21, United States Code, Sections 841(a)(1))

2

The source of your deponent's information and the grounds for his belief are as follows:[1/]

1. On or about May 10, 2006, as part of an ongoing narcotics investigation conducted by the Drug Enforcement Administration ("DEA"), a confidential source (the "CS") placed a series of telephone calls to the defendant JOHN FLOYD, also known as "Uni" and "Michael Baker." These calls were monitored and recorded by DEA agents.

2. During the first telephone call, the CS told the defendant, in sum and substance, that he/she wanted to meet him that evening to purchase "30," meaning 30 grams of cocaine base. The defendant told the CS that he would be ready to make the transaction. During subsequent recorded telephone calls, the CS advised the defendant, in sum and substance, that he/she was in Staten Island and was ready to purchase the cocaine base. The defendant agreed to meet the CS in the vicinity of Stratford Avenue in Staten Island.

3. On the evening of May 10, 2006, your affiant and another DEA agent searched the CS to confirm that he/she was not carrying any drugs or weapons. Your affiant also searched the CS's vehicle with negative results. Your affiant then provided

---

1. Because this affidavit is submitted for the purpose of establishing probable cause to arrest, I have not set forth every fact learned during the course of this investigation.

3

the CS with approximately $900, and equipped the CS with a recording transmitter and a recording device.

4. At approximately 7:30 p.m., agents established surveillance in the vicinity of Stratford Avenue between Howard and Arlo Road in Staten Island. Shortly thereafter, agents observed a green Nissan Maxima bearing New York State licence plate CDL2646 arrive in the area. The vehicle matched the CS's description of the vehicle driven by the defendant.

5. Agents observed the CS enter the passenger side of the Nissan Maxima and close the door behind him/her. After entering the vehicle, the CS asked the defendant, "How much is it?" The defendant responded, "20." The CS then asked, "How much?", and the defendant replied "540." Shortly thereafter, the defendant told the CS that he had made a mistake, and actually was selling the CS 30 grams for a total of $840. The defendant told the CS to "take a peek at it." Based on my training and experience and my knowledge of this investigation, it is my opinion that during this conversation, the defendant offered to sell the defendant 30 grams of cocaine base in return for $840.

6. The CS told the defendant that he/she would set up another meeting with the defendant in two weeks. At that point, agents observed the CS exit the defendant's vehicle. Your affiant and other agents followed the CS to a nearby location, where the CS handed over a white Blockbuster plastic bag

4

containing a hard rock-like substance, which field tested positive for the presence of cocaine base. The total gross weight of the cocaine inside the bag was 29.6 grams.

7. On or about June 11, 2006, the CS placed a telephone call to the defendant, but was not able to reach him. Later that evening, the defendant returned the CS's telephone call. During this call, the CS told the defendant, in substance, that he/she wanted to meet him the following day, and agreed to call him the following day to give him more details. Agents monitored this telephone call.

8. On or about June 12, 2006, the CS participated in several recorded telephone conversations with the defendant. During one of these conversations, the CS told the defendant, in sum and substance, that he/she wanted to purchase 70 grams of cocaine base. The CS asked the defendant to meet him/her in Brooklyn in the vicinity of Seaview Avenue and 108th Street. The defendant agreed. The CS later called the defendant to verify the meet location.

9. Later that day, your affiant and another agent searched the CS to confirm that the CS was not carrying drugs or weapons. Your affiant also searched the CS's vehicle with negative results. Your affiant then outfitted the CS with a recording transmitter and a recording device.

5

10.  At approximately 7:00 p.m., agents established surveillance in the vicinity of Seaview Avenue and 108th Street in Brooklyn, New York.  Shortly thereafter, agents observed the green Nissan Maxima with New York State licence plate CDL2646 arrive in the area.  Agents recognized this vehicle from their earlier surveillance as the defendant's vehicle.  Agents then observed the CS approach the defendant's vehicle and enter the passenger side.  The defendant's vehicle made two u-turns and headed toward the CS's vehicle.

11.  While the CS was inside of the defendant's vehicle, he/she made a statement to indicate to agents that he/she had obtained the cocaine base from the defendant.  After agents heard this statement over the recording transmitter, they attempted to stop the defendant's vehicle.  The defendant attempted to escape in his vehicle, but failed.  The defendant then exited his vehicle and tried to escape on foot, but agents apprehended the defendant and arrested him.

12.  The CS handed agents a clear plastic bag containing a rock-like substance, which later field-tested positive for the presence of cocaine base.  The total net weight of the cocaine base is 72 grams.

13.  Following his arrest, the defendant was advised of his Miranda rights.  The defendant orally waived his Miranda rights and told agents, in sum and substance, that the cocaine

6

base belonged to the CS. The defendant later admitted that he had obtained the cocaine base from an individual in Washington Heights.

WHEREFORE, your deponent respectfully requests that defendant JOHN FLOYD, also known as "Uni" and "Michael Baker," be dealt with according to law.

```
                                    _____
                                    KEVIN MCGEE
                                    Special Agent
                                    Drug Enforcement
                                    Administration
```

Sworn to before me this
13th day of June, 2006